IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PNC EQUIPMENT FINANCE, LLC,

    Plaintiff,                                No. 2:11-cv-2019 GEB CKD

    vs.

CALIFORNIA FAIRS FINANCING AUTHORITY, et al.,

    Defendants.                          ORDER

/

        The motion to compel brought by defendant El Dorado County Fair Association, Inc. ("EDCFA") came on regularly for hearing June 20, 2012. Leo Plotkin and Peter Kennedy appeared for plaintiff. Andrew Caulfield appeared for defendant EDCFA. No appearance was made for the remaining defendants. Upon review of the documents in support and opposition, upon review of the supplemental letter briefs, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Defendant moves to compel production of documents that have been withheld under a claim of attorney-client privilege. At issue are emails of which Thomas Barnhart, Vice President and General Counsel for plaintiff's predecessor, was the author or recipient or on which he was cc'd. Also at issue are documents and communications involving the law firm of

1

1  Chapman & Cutler, which provided legal advice relating to the 2006 Lease Purchase-Agreement
2  transaction at issue in this case.
3       This action is predicated on diversity jurisdiction; accordingly, state law governs
4  attorney-client privilege claims.  Fed. R. Evid. 501 (state law governs privilege regarding a claim
5  or defense for which state law supplies the rule of decision); In re Public Utilities Com., 892 F.2d
6  778, 781 (9th Cir.1989).  Under California law, "evidentiary privileges such as the attorney-client
7  privilege are governed by statute."  HLC Props., Ltd. v. Superior Court, 35 Cal. 4th 54, 59
8  (2005).  The attorney-client privilege confers a privilege on the client "to refuse to disclose, and
9  to prevent another from disclosing, a confidential communication between client and
10 lawyer . . . ."  Cal. Evid. Code § 954.  The phrase "confidential communication between client
11 and lawyer" means "information transmitted between a client and his or her lawyer in the course
12 of that relationship and in confidence by a means which, so far as the client is aware, discloses
13 the information to no third persons other than those who are present to further the interest of the
14 client in the consultation or those to whom disclosure is reasonably necessary for the
15 transmission of the information or the accomplishment of the purpose for which the lawyer is
16 consulted, and includes a legal opinion formed and the advice given by the lawyer in the course
17 of that relationship."  Cal. Evid. Code § 952.
18      "The party claiming the privilege has the burden of establishing the preliminary
19 facts necessary to support its exercise, i.e., a communication made in the course of an attorney-
20 client relationship.  Once that party establishes facts necessary to support a prima facie claim of
21 privilege, the communication is presumed to have been made in confidence and the opponent of
22 the claim of privilege has the burden of proof to establish the communication was not
23 confidential or that the privilege does not for other reasons apply."  Costco Wholesale Corp. v.
24 Superior Court, 47 Cal. 4th 725, 733 (2009) (internal citations omitted).  To determine whether a
25 communication is privileged, "the focus of the inquiry is the dominant purpose of the
26 relationship between the parties to the communication."  Clark v. Superior Court, 196 Cal. App.

2

4th 27, 51 (2011). "Under that approach, when the party claiming the privilege shows the dominant purpose of the relationship between the parties to the communication was one of attorney-client, the communication is protected by privilege." Id.

As noted by the court in Costco, "[t]he attorney-client privilege attaches to a confidential communication between the attorney and the client and bars discovery of the communication irrespective of whether it includes unprivileged material." Costco, 47 Cal. 4th at 734. "[B]ecause the privilege protects the transmission of information, if the communication is privileged, it does not become unprivileged simply because it contains material that could be discovered by some other means." Costco 47 Cal. 4th at 735 (emphasis in original).

In the supplemental briefing, plaintiff has submitted the affidavit of Thomas Barnhart, II. The affidavit establishes the facts necessary to support plaintiff's claim of attorney-client privilege. Defendant adduces no evidence that the disputed e-mails were not maintained in confidence. In the circumstances presented here, there was no waiver of the privilege from the inadvertent production of privileged material in the April 23, 2012 production of documents. Although defendant raises concerns about insulating information from discovery merely by cc'ing in-house counsel, that is a matter for legislative amendment. Cf. Fru-Con Const. Corp. v. SMUD, 2006 WL 2255538 (E. D. Cal Aug. 7, 2006) (communications between clients, unrelated to legal issues or advice, which are cc'd to attorney not protected by attorney-client privilege). The Costco court observed "the attorney-client privilege is a legislative creation, which courts have no power to limit by recognizing implied exceptions. Concern that a party may be able to prevent discovery of relevant information therefore provides no justification for inferring an exception to Evidence Code section 915. . . .[I]t has long been understood that the privilege is given on grounds of public policy in the belief that the benefits derived therefrom justify the risk that unjust decisions may sometimes result from the suppression of relevant evidence." Costco,

1    47 Cal. 4th at 739 (citations omitted).[1]  In camera review of the documents at issue is precluded

2    by California Evidence Code § 915.  See Costco, 47 Cal. 4th at 736-737.  Production of the

3    documents in which Thomas Barnhart is the author, recipient, or copied on the communication,

4    as itemized in the privilege log dated June 14, 2012 (dkt. no. 115-1, Exh. B), will therefore not

5    be compelled.

6        With respect to the documents relating to communications with the law firm of

7    Chapman & Cutler LLP, plaintiff has submitted the affidavit of Darrell Larsen, Jr., a partner of

8    the firm.  It appears from the evidentiary record presently before the court, that Chapman &

9    Cutler did not represent California Fairs Financing Authority ("CFFA"), or any party other than

10    PNC's predecessor, with respect to the 2006 Lease Purchase-Agreement transaction.[2]  The

11    production of nonprivileged communications between Chapman & Cutler and CFFA does not

12    create a waiver of the attorney-client privilege held by plaintiff with respect to communications

13    with Chapman & Cutler.  The documents have properly been withheld from production under the

14    claim of attorney-client privilege.

15    /////

16    /////

17    /////

---

[1] Moreover, in this case it appears that the information defendant seeks through discovery of the e-mails may well be available through other means.  "Knowledge which is not otherwise privileged does not become so merely by being communicated to an attorney. . . . [A] client may be examined on deposition or at trial as to the facts of the case, whether or not he has communicated them to his attorney.  While the privilege fully covers communications as such, it does not extend to subject matter otherwise unprivileged merely because that subject matter has been communicated to the attorney.  Thus, a litigant may not silence a witness by having him reveal his knowledge to the litigant's attorney."  Costco, 47 Cal. 4th at 735.

[2] The retention letter cited by defendant in support of its contention that Chapman & Cutler represented both CFFA and PNC does not pertain to representation in the 2006 Lease Purchase-Agreement transaction and is limited to reviewing and commenting on 16 applications to be submitted to the Internal Revenue Service requesting allocation of clean renewable energy bond volume limitation for CFFA's solar energy projects.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to compel (dkt. no. 102) is denied.

Dated: June 28, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
PNC.2019.oah