IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PNC EQUIPMENT FINANCE, LLC, a )        2:11-cv-02019-GEB-CKD
Delaware limited liability )
company, as successor to )
NATIONAL CITY COMMERCIAL CAPITAL )
CORPORATION, )                         ORDER DENYING APPLICATION FOR
                                )      A RIGHT TO ATTACH ORDER AND A
            Plaintiff, )                WRIT OF ATTACHMENT
                                )
        v. )
                                )
CALIFORNIA FAIRS FINANCING )
AUTHORITY, a California joint )
powers authority; 15TH DISTRICT )
AGRICULTURAL ASSOCIATION, a )
state institution of the State )
of California; 18TH DISTRICT )
AGRICULTURAL ASSOCIATION, a )
state institution of the State )
of California; 21ST DISTRICT )
AGRICULTURAL ASSOCIATION, a )
state institution of the State )
of California; 26TH DISTRICT )
AGRICULTURAL ASSOCIATION, a )
state institution of the State )
of California; 27TH DISTRICT )
AGRICULTURAL ASSOCIATION, a )
state institution of the State )
of California; 30TH DISTRICT )
AGRICULTURAL ASSOCIATION, a )
state institution of the State )
of California; EL DORADO COUNTY )
FAIR ASSOCIATION, INC., a )
California corporation; and )
MADERA COUNTY LIVESTOCK )
ASSOCIATION, a California )
corporation, )
                                )
            Defendants. )
_____ )
                                )
AND RELATED CROSS-CLAIMS AND )
COUNTER-CLAIMS. )
_____ )

Plaintiff PNC Equipment Finance, LLC ("PNC") filed an application for a right to attach order and a writ of attachment, which would authorize it to seize money in two bank accounts belonging to Defendant California Fairs Financing Authority ("CFFA"). (ECF No. 140.) PNC asserts said money could partially satisfy breach of contract damages CFFA owes it. CFFA opposes the application.

## I. FACTUAL BACKGROUND

PNC asserts that the following contracts underlie its dispute with CFFA and entitle it to the writ of attachment it seeks: a Master Photovoltaic Equipment Lease-Purchase Agreement between PNC and CFFA (referred to by the parties as the "Financing Lease"), and numerous Photovoltaic Equipment Use Agreements ("Use Agreements") between CFFA and Fair Entities (the sued entities comprising CFFA, El Dorado County Fair Association, Inc., Madera County Livestock Association, and the 15th, 18th, 21st, 26th, 27th, and 30th District Agricultural Associations). (Decl. of Phyllis Bryan ("Bryan Decl."), Exs. 1, 5-12; ECF No. 140.) PNC also asserts the Financing Lease provides that PNC shall have a "security interest in all of the Use Agreements, the User Fees and the Self-Generation Incentive Payments," (Bryan Decl., Ex. 1 ¶ 4.7(a)), as well as a "first priority, exclusive security interest in any and all of the Equipment (now existing or hereafter acquired) under each Lease . . . ." (Id. ¶ 8.2.)

PNC alleges that CFFA "breached the Financing Lease by . . . failing and refusing to make the Rent Payments required thereunder for the months of March 2011 through July 2011." (First Amended Complaint ("FAC") ¶ 50; ECF No. 72.) PNC further alleges that CFFA "breached the Financing Lease . . . by failing to pay any installment of rent that has come due from and after March 1, 2011, and continuing to [December 15,

2011]." (Id. ¶ 210.) PNC attaches the following averment in support of its application: "[a]s of August 1, 2012, the total amount owed and unpaid by CFFA to PNC on behalf of the Fair Entities is $1,004,173.38." (Bryan Decl. ¶ 33.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 64, a federal court applies the attachment laws and procedures of the state in which it is located. California Code of Civil Procedure sections 481.010 et. seq. govern attachment procedures.[1] "The court's determinations [whether a writ of attachment issues] shall be made upon the basis of the pleadings and other papers in the record . . . ." Cal. Civ. Proc. Code § 484.090(d). "'[T]he Attachment Law statutes (Code Civ. Proc., § 481.010 et seq.) are subject to strict construction because they are purely the creation of the Legislature.'" Jordan-Lyon Prods., Ltd. v. Cineplex Odeon Corp., 29 Cal. App. 4th 1459, 1466 (1994) (quoting Vershbow v. Reiner, 231 Cal. App. 3d 879, 882 (1991)); see also Hobbs v. Weiss, 73 Cal. App. 4th 76, 79 (1999) ("[T]he provisions regarding this purely statutory remedy are subject to strict construction." (internal quotation marks omitted)); Epstein v. Abrams, 57 Cal. App. 4th 1159, 1168 (1997) ("The Attachment Law statutes are subject to strict construction . . . .").

## III. DISCUSSION

A court may issue an attachment under California law, "only in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five

---

[1] All further section references are to California Code of Civil Procedure, unless otherwise stated.

hundred dollars ($500) . . . ." Cal. Civ. Proc. Code § 483.010. The following findings must be made "in accordance with Section 483.015" to justify issuance of an attachment order:

> (1) The claim upon which the attachment is based is one upon which an attachment may be issued.
> (2) The plaintiff has established the probable validity of the claim upon which the attachment is based.
> (3) The attachment is not sought for purposes other than the recovery on the claim upon which the attachment is based.
> (4) The amount to be secured by the attachment is greater than zero.

Id. § 484.090(a). Further, Section 483.015 prescribes:

> (a) . . . [T]he amount to be secured by an attachment is . . . [t]he amount of the defendant's indebtedness claimed by the plaintiff.
> (b) The amount described in subdivision (a) shall be reduced by . . . :
> . . .
>     (4) The value of any security interest in the property of the defendant held by the plaintiff to secure the defendant's indebtedness claimed by the plaintiff, together with the amount by which the value of the security interest has decreased due to the act of the plaintiff or a prior holder of the security interest.

Id. § 483.015.

"These sections provide that the amount that may be attached is limited to the amount of the debtor's unsecured potential liability." Intervest Mortg. Inv. Co. v. Skidmore, No. Civ. S-08-1543, 2008 WL 5385880, at *6 (E.D. Cal. Dec. 19, 2008) (interpreting Cal. Civ. Proc. Code §§ 483.010 and 483.015(b)(4)); see also Dev. Specialists, Inc. v. R.E. Loans, LLC, No. C 10-0635, 2010 WL 4055570, at *5 (N.D. Cal. Oct. 14, 2010) ("[T]he amount which a plaintiff can properly seek in a request for a [right to attach order] shall be reduced by '[t]he value of any security interest in the property of the defendant held by the plaintiff to secure the defendant's indebtedness claimed by the plaintiff.'" (quoting Cal. Civ. Proc. Code § 483.015(b)(4))).

1   "Attachment under California law is a remedy given only where the debt

2   is unsecured . . . . [It] requires that . . . no security exists at the

3   time of attachment (either because none did originally, or because the

4   original security has become valueless) . . . ." <u>Jue v. Bass</u>, 299 F.2d

5   374, 379 (9th Cir. 1962) (describing predecessor statute to Cal. Civ.

6   Proc. Code § 483.010 et seq.).

7           PNC "seeks to secure . . . $1,004,173.38, an amount that

8   equals the total amount due but unpaid by CFFA to PNC as of August 1,

9   2012." (Pl.'s Mem. of Points and Auth. 9:20-21.) CFFA argues that if PNC

10  "ha[s] a security interest there is no need for a writ of attachment."

11  (Def.'s Opp'n 3:2; ECF No. 160.) PNC has not addressed this issue.

12  However, the Financing Lease indicates PNC has collateral securing its

13  stated loss as follows:

14          [a]s collateral security for [CFFA] Lessee's
            obligations to pay all Rent Payments and all other
15          amounts due and payable under each Lease and to
            perform and observe all covenants, agreements and
16          conditions (direct or indirect, absolute or
            contingent, due or to become due or existing or
17          hereafter arising) of Lessee under such Lease,
            Lessee hereby grants to [PNC] Lessor a first
18          priority, exclusive security interest in any and
            all of the Equipment (now existing or hereafter
19          acquired) under each Lease . . . .

20  (Bryan Decl., Ex. 1 ¶ 8.2.) Since PNC has not shown that its

21  collateralized security is "valueless" or without sufficient value to

22  satisfy its stated loss, it has not shown entitlement to a writ of

23  attachment. <u>Jue</u>, 299 F.2d at 379.

24  //

25  //

26  //

27  //

28  //

**IV.  CONCLUSION**

For the stated reasons, Plaintiff's application for a right to attach order and a writ of attachment is DENIED.

Dated:  November 6, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge