IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNC EQUIPMENT FINANCE, LLC, a Delaware limited liability company, as successor to NATIONAL CITY COMMERCIAL CAPITAL CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA FAIRS FINANCING AUTHORITY, a California joint powers authority; 15TH DISTRICT AGRICULTURAL ASSOCIATION, a state institution of the State of California; 18TH DISTRICT AGRICULTURAL ASSOCIATION, a state institution of the State of California; 21ST DISTRICT AGRICULTURAL ASSOCIATION, a state institution of the State of California; 26TH DISTRICT AGRICULTURAL ASSOCIATION, a state institution of the State of California; 27TH DISTRICT AGRICULTURAL ASSOCIATION, a state institution of the State of California; 30TH DISTRICT AGRICULTURAL ASSOCIATION, a state institution of the State of California; EL DORADO COUNTY FAIR ASSOCIATION, INC., a California corporation; and MADERA COUNTY LIVESTOCK ASSOCIATION, a California corporation,<br><br>        Defendants.<br>_____<br>AND RELATED CROSS-CLAIMS AND COUNTER-CLAIMS.<br>_____ | 2:11-cv-02019-GEB-CKD<br><br>ORDER DISMISSING COUNTER-CLAIM |

Plaintiff and Counter-Defendant PNC Equipment Finance, LLC ("PNC") filed a motion under Federal Rule of Civil Procedure ("Rule") 12(b)(6) in which it seeks dismissal of Defendants 15th, 18th, 21st, 26th, 27th, and 30th District Agricultural Associations' ("the DAAs") counter-claim for tortious interference with contract. (Pl. and Counter-Def.'s Mot. to Dismiss Counter-Claim ("Mot."), ECF No. 131.) The DAAs did not oppose the motion or file a statement of non-opposition to the motion as required by Local Rule 230. E.D. Cal. R. 230(c).

The DAAs allege in the Counter-Claim that "PNC's actions will cause a breach of contract by the DAA[s] by interfering with the DAA[s'] contractual requirements to make payments to [California Fairs Financing Authority ("]CFFA[")]." (Cross-Claim by 15th, 18th, 21st, 26th, 27th and 30th Dist. Agric. Ass'ns Against PNC ("Counter-Claim") ¶ 27, ECF No. 122.)[1] PNC argues that "a tortious interference claim cannot be brought against a defendant that has a direct economic interest in the contract with which it purportedly interferes–even where the defendant is a nonparty to the subject contract." (Mot. 6:3-6.) PNC further argues that "the DAAs fail to plead three of the five elements–actual breach, causation, or damages–required to allege tortious interference." (Id. 6:6-8.)

> To prevail on [an] intentional interference with contract claim, [the plaintiff] ha[s] to show (1) the existence of a valid contract between [the plaintiff] and a third party, (2) [the defendant]'s knowledge of the contract, (3) intentional acts designed to induce a breach or to disrupt a contractual relationship, (4) actual breach or disruption of the contractual relationship, and (5) resulting damage.

---

[1] Although labeled a cross-claim by the DAAs, the claim is a counter-claim (and is referred to as such in this Order) since it was filed against the original plaintiff in the action. See Fed. R. Civ. P. 13.

2

<u>Bank of N.Y. v. Fremont Gen. Corp.</u>, 523 F.3d 902, 909 (9th Cir. 2008) (citing <u>Reeves v. Hanlon</u>, 33 Cal. 4th 1140, 1148 (2004)).

PNC argues that "[t]he fourth element, 'actual breach or disruption' is not adequately pled." (Mot. 9:19.) PNC further argues that "[w]ithout damages, there can be no basis for a cause of action for contractual interference." (<u>Id.</u> 13:5-6 (citing <u>Charles C. Chapman Bldg. Co. v. Cal. Mart</u>, 2 Cal. App. 3d 846 (1969); <u>Bill A. Duffy, Inc. v. Scott</u>, 2009 WL 1125959, at *6 (N.D. Cal. 2009).) PNC argues that "the DAAs allege that they continue to make payments under the Use Agreements," and "[t]hey do not allege any specific damages stemming from a breach of the Use Agreements." (<u>Id.</u> 13:11-13 (citing Counter-Claim ¶¶ 25, 21-28).)

The Counter-Claim comprises the following allegations relating to actual breach and damages:

> 25. PNC has demanded that DAA[s] make User Fee monthly payments to PNC instead of CFFA as required under the DAA[s'] Use Agreements. PNC by making this demand intends to induce the DAA[s] to breach their Use Agreements.
> 26. PNC's demand if complied with by the DAA[s] will result in a breach of their Use Agreements and subject the DAA[s] to a breach of contract action by CFFA.
> 27. PNC's demand is unjustified because the DAA[s] have made payments to CFFA. PNC's actions will cause a breach of contract by the DAA[s] by interfering with the DAA's contractual requirements to make payments to CFFA.

(Counter-Claim ¶¶ 25-27.) The DAAs have alleged neither "actual breach or disruption" nor damages since the allegations contained in the Counter-Claim refer to the possibility of future occurrences. Since a claim for tortious interference with contract requires both actual breach and damages, the Counter-Claim is dismissed.

Therefore, the DAAs are granted ten (10) days from the date on which this order is filed to file an amended Counter-Claim addressing

3

the Counter-Claim's deficiencies. The DAAs are warned that a dismissal with prejudice of the Counter-Claim could be entered under Rule 41 if the DAAs fail to file an amended Counter-Claim within the prescribed time period.

Dated:  March 11, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge